

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*See M-308*

Honorable E. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. 0-1121
Re: Can a man legally qualify as
a deputy constable for a
justice precinct in which he
operates a business although
his homestead is in another
justice precinct?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

"Can a man legally qualify as a Deputy Constable for a justice precinct in which he operates a business although his homestead is in another Justice Precinct?

"An application for the appointment of a Deputy Constable has been presented to the commissioners court for a man residing in Georgetown, Justice Precinct No. 1, who is married and owns a home here and stays at home after business hours, his duties to be performed in Justice Precinct No. 2, in which precinct his place of business is located."

Articles 2927 and 2928, Revised Civil Statutes, read as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. A. Hodges, Page 2

> "Article 2927. No person shall be eligible to any State, county, precinct, or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election.

> "Article 2928. Neither the Secretary of State, nor any county judge of this State, nor any other authority authorized to issue certificates, shall issue any certificates of election or appointment to any person elected or appointed to any office in this State, who is not eligible to hold such office under the Constitution of this State and under the above article; and the name of no ineligible person, under the Constitution and laws of this State, shall be certified by any party, committee, or any authority authorized to have the names of candidates placed upon the primary ballots at any primary election in this State; and the name of no ineligible candidate under the Constitution and laws of this State shall be placed upon the ballot of any general or special election by any authority whose duty it is to place names of candidates upon official ballots."

Article 6879a, Revised Civil Statutes, reads as follows:

Honorable H. A. Hodges, Page 3

"Sec. 1. The duly elected constable in each justice precinct having a city or town of less than eight thousand (8,000) population according to the preceding Federal Census may appoint one (1) Deputy and no more; and each Justice Precinct having a city or town of eight thousand (8,000) and less than forty thousand (40,000) population according to the preceding Federal Census may appoint two (2) Deputies and no more; and in each Justice Precinct having a town or city of forty thousand (40,000) population or more according to the preceding Federal Census may appoint five (5) Deputies and no more, and each and every instance said Deputy Constables shall qualify as required of Deputy Sheriffs.

"Sec. 2. When the Constable in each and every instance named and described in the preceding section of this Act shall desire to make appointment of a Deputy or Deputies, as the case may be, said Constable shall first make written application to the Commissioners' Court of his County showing that it is necessary for such Constable to have the Deputy or Deputies requested in order to properly handle the business of his office originating in the Precinct in which such Constable has been elected, giving the name of each proposed appointee; and if the Commissioners' Court shall find that the Constable is in need of the Deputy or Deputies requested to handle the business originating in his Precinct, then and in that event, and in that event only, the Commissioners' Court shall approve and confirm the appointment of the Deputy or Deputies provided by this Act.

"Sec. 3. Any person who serves as a Deputy Constable without the provisions hereof having been complied with relative to his appointment or any Constable who issues a Deputyship without the consent and approval of the Commissioners' Court shall be fined not less than Fifty Dollars ($50.00) nor more than One Thousand Dollars ($1,000.00)."

Honorable H. A. Hodges, Page 4

We quote from the case of Murray et al v. State, 67 S. W. (2) 274, as follows:

> "Deputy Constables are provided for by law and qualify in the same manner as Deputy Sheriffs. Article 6869, Revised Civil Statutes, 1925; Article 6869, Revised Statutes, 1925, as amended by Acts of 1929 (1st Called Session) chapter 113 (Vernon's Annotated Civil Statutes, Article 6869). They are also vested by law with some portion of the sovereign functions of the government, to be exercised by them for the benefit of the public. They are public officers clothed with the power and authority of their principals. Wilson v. State, 117 Tex. Cr. Rep. 63, 36 S. W. (2) 733."

In the case of Brown v. Meeks, 96 S. W. (2) 839, it was held that the Commissioners' Court has no jurisdiction to add to or take from qualifications fixed by the Legislature for candidates for office of constable. Therefore, it would naturally follow that the Commissioners' Court has no authority to add to or take from the qualifications fixed by the Legislature for a Deputy Constable.

Under the above quoted statutes no person is eligible to any state, county, precinct or municipal office unless he shall have resided in the state for the period of twelve months and six months in the county, precinct or municipality in which he offers to serve as such officer.

Article 2958, Revised Civil Statutes, provides, among other things, that the residence of a married man is where his wife resides.

You are respectfully advised that it is the opinion of this department that a man cannot legally qualify as a deputy constable for a justice precinct in which he does not reside.

Honorable H. A. Hodges, Page 5


        Trusting that the foregoing answers your inquiry,
we remain

                            Yours very truly

                        ATTORNEY GENERAL OF TEXAS

                    By *Ardell Williams*

                            Ardell Williams
                                Assistant

AW:FL

APPROVED
OPINION
COMMITTEE
BY *TDR*
CHAIRMAN